# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JEROME PERKINS, ) | |
| ) | |
| **Plaintiff,** ) | No. 3:12-cv-01319 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| WILSON COUNTY JAIL, et al., ) | |
| ) | |
| **Defendants.** ) | |

## M E M O R A N D U M

The plaintiff, an inmate at the Wilson County Jail in Lebanon, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Wilson County Jail, corrections officer f/n/u Butler and corrections officer f/n/u Howard. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II.     Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Facts As Alleged in the Complaint

The plaintiff alleges that, on December 7, 2012, officer Butler approached the plaintiff, pushed him "hard up against the walls bumping [the plaintiff] with his body and pushing and grabbing [the plaintiff]." (Docket No. 1 at p. 5). According to the complaint, Butler then slammed the plaintiff's face into the wall and handcuffed the plaintiff, twisting the handcuffs "like he was trying to brake [sic] [the plaintiff's] arm." (*Id*.) The plaintiff sought help from officer Howard but Howard threatened the plaintiff, placed him in protective custody, and told the plaintiff that he

"would never get out of the hole." (*Id.*) The plaintiff alleges that the pressure applied to his wrist by officer Butler "cutted [sic] deep within [his] skin about a[n] inch across [his] wrist." (*Id.*) The plaintiff was kept in "the hole" for a period of seven days. (*Id.*)

The complaint also contends that the plaintiff's arrest and sentence were unconstitutional. (Attachs. to Docket No. 1). The plaintiff believes that the judge was biased against the plaintiff and that the judge and the plaintiff's defense attorney "run in the same circles." (*Id.*)

**IV. Analysis**

First, the plaintiff names the Wilson County Jail as a defendant. However, a jail is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Thus, the plaintiff's claims against the Wilson County Jail will be dismissed with prejudice.

As to the plaintiff's remaining claims, the court has reviewed the complaint and finds that the plaintiff has stated at least one colorable claim of excessive force under 42 U.S.C. § 1983 against officers Butler and Howard. 28 U.S.C. § 1915A. The Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively. *Graham v. Connor*, 490 U.S. 386, 396-97(1989). The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each

particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97. The plaintiff's allegations of excessive force by defendants Howard and Butler cannot be dismissed on initial review.

However, as to the plaintiff's allegations regarding his underlying state court conviction, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable), as is the case here. Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his conviction has been favorably terminated and that some of the plaintiff's claims indirectly challenge the validity of his confinement and sentence, under *Heck*, 512 U.S. 477, 486-87, those particular claims should not have been brought under 42 U.S.C. § 1983. Those claims will be dismissed without prejudice, should the plaintiff wish to pursue them via the appropriate legal route.

**V.     Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the Wilson County Jail. 28 U.S.C. § 1915A. In addition, the plaintiff's claims pertaining to his underlying conviction and sentence are not appropriate for a § 1983 action and therefore will be dismissed. However, the court finds that the plaintiff has stated colorable claims of excessive force against defendants Butler and Howard.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge