IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME A. PERKINS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | CASE NO. 3:12-cv-01319 |
| v. ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| WILSON COUNTY JAIL, et al,[1] ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 36. In support of that Motion, Defendants have filed a supporting Memorandum of Law (Docket No. 40), a Statement of Undisputed Material Facts (Docket No. 39), their Affidavits (Docket Nos. 37, 38), and a DVD (Docket No. 44).

Plaintiff has not responded to the instant Motion or to Defendants' Statement of Undisputed Material Facts.

Plaintiff, who, at all times relevant to the case at bar was a pre-trial detainee incarcerated at the Wilson County Jail, filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging that Defendant Butler used excessive force and assaulted him and that

---

[1] Plaintiff originally sued the Wilson County Jail and Officers Butler and Howard. Docket No. 1. Wilson County Jail was terminated as a party to this action in an Order entered January 11, 2013. Docket No. 9. Accordingly, the only remaining Defendants in the case at bar are Officers Butler and Howard.

1

Defendant Howard threatened him and put him in protective custody. Docket No. 1. Plaintiff does not specify the capacity in which he sues Defendants. Accordingly, he is deemed to sue Defendants only in their official capacities. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).[2] Plaintiff seeks an admission from Defendants "that they was wrong" and he "want[s] payments for pain and suffering." Docket No. 1.

Defendants filed the instant Motion for Summary Judgment arguing that they are entitled to summary judgment because: (1) Defendant Butler did not use excessive force against Plaintiff; (2) Defendant Howard "was not actively involved in any way with the incident . . . other than to review it after the fact"; and (3) Defendants are entitled to qualified immunity because they did not violate any clearly established constitutional right of Plaintiff. Docket No. 36.

As has been noted, Plaintiff has not responded to the pending Motion or Statement of Undisputed Material Facts.

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

---

[2] "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citations omitted).

## II. Facts[3]

### A. Facts Contained in Defendant Butler's Affidavit

At approximately 12:15pm on December 7, 2012, Defendant Butler was working, distributing medicine with Nurse Rena in the Wilson County Jail K Pod. Docket No. 37, ¶¶ 2, 3. As they were finishing up the distribution of medicine, they witnessed Plaintiff kicking the door several times in an aggressive manner. *Id.*, ¶ 3. Defendant Butler asked Plaintiff "what his problem was and he responded, 'I am on the phone let me the F**k out of this cell now.'" *Id.* Defendant Butler advised Plaintiff that he would be permitted to come out of his cell once they finished distributing medicine. *Id.* Plaintiff continued to curse at Defendant Butler and kick the door. *Id.* Defendant Butler then advised Plaintiff that "if he continued acting in this manner he would be transferred to L Pod." *Id.* Plaintiff continued to be aggressive and said, "I don't give a F**k." *Id.*

For Plaintiff's safety and the safety of others, Defendant Butler requested a cell for Plaintiff in L Pod. *Id.*, ¶ 4. As Defendant Butler approached Plaintiff's cell, all the doors on the top of the Pod were opened for the inmates' recreation time. *Id.*, ¶ 5. When Plaintiff came out of his cell, Defendant Butler asked him to pack his stuff and told him that he would be going to L Pod. *Id.* Plaintiff refused and attempted to walk off. *Id.* For the safety of other inmates walking around, Defendant Butler grabbed Plaintiff and put him in his cell. *Id.*, ¶ 6. Defendant Butler asked Plaintiff to "get on the wall and put his hands behind his back." *Id.*, ¶ 7. Plaintiff started to refuse, so Defendant Butler warned him that he would be "sprayed" if he was not compliant

---

[3] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

with Defendant Butler's orders. *Id.* Defendant Butler then handcuffed Plaintiff behind the back. *Id.*

On the way to L Pod, Plaintiff stated, "When I see you on the street you will see what happens to you." *Id.*, ¶ 8. Plaintiff was placed in Cell L 13. *Id.*, ¶ 9. He continued to curse and be aggressive. *Id.*

Defendant Butler notified Defendant Howard of the situation and completed an incident report. *Id.*, ¶¶ 10, 14.

Defendant Butler acted within his training. *Id.*, ¶ 11. Defendant Butler did not use any force on Plaintiff beyond what was necessary to maintain control of a potentially volatile situation. *Id.*, ¶ 12. The force Defendant Butler used was minimal and used in a good-faith effort and intent to maintain and restore discipline. *Id.*, ¶¶ 12, 13. Defendant Butler acted as any reasonable officer would have done in the same or similar circumstances. *Id.*, ¶ 13.

## B. Facts Contained in Defendant Howard's Affidavit

Defendant Howard was the Lieutenant on duty at the Wilson County Jail on December 7, 2012, and was Defendant Butler's supervisor that day. Docket No. 38, ¶¶ 2, 3. Defendant Howard was not involved in any way in Plaintiff's detention or transport to L Pod, and was not present when Defendant Butler used force on Plaintiff. *Id.*, ¶¶ 4, 6. Defendant Howard's only involvement in Defendant Butler's use of force was to review and approve Defendant Butler's report after it was written. *Id.*, ¶ 7. At no time did Defendant Howard touch, threaten, or verbally harass Plaintiff. *Id.*, ¶¶ 5, 6.

## III. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on November 18, 2013. Docket No. 36. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has likewise failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

### B. Summary Judgment Standards

5

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

Plaintiff, a pre-trial detainee at all times relevant to the case at bar, alleges that Defendants violated his rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

Plaintiff does not specify the Constitutional right upon which his § 1983 claim is based. Defendants state, "As a pre-trial detainee at the time of the instance complained of, Plaintiff Perkins is entitled to protection under the Eighth Amendment." Docket No. 40, p. 4. The Sixth Circuit, however, has recognized that three different amendments may apply to claims of excessive force, depending upon the status of a plaintiff at the time of the incident. *Phelps v. Coy,* 286 F.3d 295, 299-300 (6th Cir. 2002). The *Phelps* Court made it clear that "the Due Process Clause [of the Fourteenth Amendment] protects a pre-trial detainee from the use of excessive force that amounts to punishment." 286 F.3d at 300 *citing Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989). The *Phelps* Court further noted that, if plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, plaintiff's claim arises under the Fourth Amendment, and its standard of reasonableness. *Id.* at 299. To make a showing of excessive force under the Fourteenth Amendment, however, Plaintiff must show that the governmental conduct "shocks the conscience." *Id*. at 306. If Plaintiff was a convicted prisoner at the time of the incident, the Eighth Amendment would apply. *Id*. at 299.

8

The Eighth Amendment standard focuses on the official's "obduracy and wantonness," and asks "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*., *citing Whitley v. Albers,* 475 U.S. 312, 319-21 (1986).

Applying the proper Fourteenth Amendment standard, it is clear that Defendants' conduct does not shock the conscience. Even if the Fourth or Eighth Amendment were applicable, Defendants' conduct would not rise to the level of a violation of either of those Amendments.

It is undisputed that Plaintiff was acting aggressively, kicking the door, and cursing at Defendant Butler. It is further undisputed that Defendant Butler warned Plaintiff that if he continued to act in that manner, he would be transferred to L Pod. It is additionally undisputed that Plaintiff refused to obey Defendant Butler's orders; that Plaintiff was warned that he would be "sprayed" if he was not compliant; that Plaintiff remained noncompliant; that Defendant Butler handcuffed Plaintiff and transported him to Cell L 13 in the L Pod; that Plaintiff threatened Defendant Butler; and that Plaintiff continued to curse and be aggressive.

In the case at bar, it is undisputed that Defendant Butler did not use any force beyond what was necessary to maintain control of a potentially volatile situation and restore discipline. He acted with good-faith and in a good-faith effort, and acted within his training. Defendant Butler did not utilize excessive force or violate Plaintiff's constitutional rights.

With regard to Defendant Howard, it is undisputed that Defendant Howard did not have anything to do with the incident in question beyond reviewing and approving Defendant Butler's incident report after it was written. Defendant Howard did not touch, threaten, or verbally harass Plaintiff in any way. Accordingly, Defendant Howard did not violate Plaintiff's constitutional

9

rights.

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 36) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge