IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME PERKINS )
)
v. ) NO. 3-12-1319
) JUDGE CAMPBELL
WILSON COUNTY JAIL, et al. )

ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Docket No. 77), to which no Objections have been filed. The Court has reviewed the Report and Recommendation and the file. The Report and Recommendation is adopted and approved.

The Court notes, however, that although the Magistrate Judge finds that Plaintiff is deemed to have sued these individual Defendants in their official capacities (p. 2), he analyzes the case from the standard for officers sued in their individual capacities. In either case, the Defendant's Motion for Summary Judgment should be granted.

A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Individuals sued in their official capacities stand in the shoes of the entity they represent. *Everson v. Leis*, 556 F.3d 484, 493, n. 2 (6th Cir. 2009). Therefore, Plaintiff's claims against the individual Defendants in their official capacities will be treated as claims against the Defendant Wilson County.

To establish municipal liability under Section 1983, a plaintiff must establish that the plaintiff's harm was caused by a constitutional violation and that a policy or custom of the municipality was the "moving force" behind the deprivation of the plaintiff's rights. *Miller v. Sanilac County,* 606 F.3d 240, 255 (6th Cir. 2010); *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir.

2009). Municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an implementation of the municipality's official policies or established customs. *Id*. The plaintiff must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the "moving force" behind the violation. *Spears*, 589 F.3d at 256.

Plaintiff has not alleged a municipal policy or custom which was a moving force behind the alleged constitutional violation. Accordingly, his claims against the individual Defendants in their official capacities must be dismissed.

For these reasons and those set forth in the Magistrate Judge's Report and Recommendation, Defendants' Motion for Summary Judgment (Docket No. 36) is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE